BONNIE BERRY
2635 Missouri Ct
Green River, WY 82935
(307) 277-3477

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 23 2021
10:54 a.m.
Margaret Botkins, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF WYOMING

BONNIE BERRY )
 ) CASE NO. 21-CV-215S
Plaintiff, )
 )
 ) COMPLAINT
 )
v. )
 )
SWEETWATER COUNTY )
  and )
GARRY MCLEAN )
in his individual and official capacity )
 ) DEMAND FOR JURY TRIAL
 )
Defendants. )

Plaintiff, Bonnie Berry, complains against the Defendants as follows:

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII") for discrimination based on sex.

### JURSIDICTION AND VENUE

2. Jurisdiction over this action is conferred upon this Court pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically Title VII.

1

3. Venue is properly laid within the District of Wyoming pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in the District of Wyoming.

## PARTIES

4. Plaintiff, BONNIE BERRY, is a female employee employed by Sweetwater County.

5. Defendant, SWEETWATER COUNTY, is a political subdivision of the State of Wyoming, organized in accordance with State Statute.

6. Defendant, GARRY MCLEAN, is the Human Resources Director employed by Sweetwater County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has exhausted her administrative remedies prerequisite to bringing this claim as follows:

    a. Plaintiff filed a charge of discrimination on the basis of sex with the Wyoming Fair Employment Program on May 5, 2020, which was assigned Charge No. 32K-2020-00099. The charge was deferred to the Equal Employment Opportunity Commission (EEOC).

    b. The EEOC issued a Notice of Right to Sue on August 23, 2021. A copy of the right to sue notice is attached hereto as Exhibit A.

## FACTS

8. Plaintiff was employed by Defendant, SWEETWATER COUNTY, in the position of Accounting Manager beginning on December 28, 2011.

9. Defendants, SWEETWATER COUNTY and GARRY MCLEAN, discriminated against Plaintiff on November 5, 2019 when the Board of County Commissioners accepted the discriminatory payroll changes proposed by Defendant GARRY MCLEAN.

10. In accordance with the proposed and accepted payroll changes, all five of the male employees considered for pay increases received significantly higher pay increases than the Plaintiff, a female employee.

11. The payroll changes were determined based on salary data from Mountain States Employers Council. However, the comp Defendant GARRY MCLEAN identified from the Mountain States Employers Council data for Plaintiff's payroll change did not represent her responsibilities and duties as outlined in her Job Description. Had the appropriate comp been used to determine the Plaintiff's salary, Plaintiff's salary would have increased by an additional $46,743.75 annually effective November 1, 2019.

12. Defendants, SWEETWATER COUNTY and GARRY MCLEAN, discriminated against Plaintiff on June 1, 2012 when Plaintiff was denied a six-month step increase. According to Sweetwater County's Classification Pay Plan, employees receive a 3% pay increase (step increase) after six months of employment. Defendant, GARRY MCLEAN, informed Plaintiff she did not qualify for the step increase because her compensation was not determined based on Sweetwater County's Pay Scale. However, Plaintiff's predecessor, Jason McCormick, a male employee, and the two other male employees, Gene Legerski and Michael Bournazian, hired after Plaintiff also started at a compensation that was not determined based on Sweetwater County's Pay Scale, yet they received 3% step increases after six months of employment in accordance with Sweetwater County's Classification Pay Plan.

**CAUSE OF ACTION: Discrimination on the Basis of Sex in Violation of Title VII**

13. Plaintiff repeats and realleges the allegations set for in ¶¶ 1 through 12 as though fully set forth herein.

14. Defendants subjected Plaintiff to discrimination in the terms and conditions of her employment.

15. The acts complained of were perpetrated against Plaintiff because of her sex.

16. As a result of Defendants' actions, the Plaintiff has suffered, is now suffering and will continue to suffer certain kinds of irreparable injury and monetary damages unless and until this Court grants relief to plaintiff.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter a judgment declaring that the acts and practices of Defendants complained of herein are in violation of Title VII;

B. Issue a permanent injunction ordering Defendants to cease and desist from engaging in the illegal and unlawful acts and practices described herein;

C. Issue a permanent injunction requiring and directing the Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful acts and practices are eliminated and do not continue to affect plaintiff's employment;

D. Issue a permanent injunction requiring and directing the Defendants to adjust the Plaintiff's rate of pay to $161,564.94 annually effective November 1, 2019, as it would have been had the Defendants' discriminatory acts and practices described in ¶¶ 9 through 11 not occurred, and make Plaintiff whole for all earnings and benefits she would have received;

E.    Award Plaintiff $22,898.54 in wages plus corresponding benefits, the compensation Plaintiff would have received had the Defendants' discriminatory acts and practices described in ¶ 12 not occurred;

F.    Award Plaintiff damages for her pain, suffering, loss of enjoyment of life, and other injuries;

G.    Award Plaintiff punitive damages as and to the extent allowed by Title VII;

H.    Award Plaintiff reasonable attorneys' fees and costs of this action;

I.    Grant interest and such other and further relief as this Court deems just and proper.

**Plaintiff demands a trial by jury**

DATED:    **November 19, 2021**
          **Green River, Wyoming**

Respectfully Submitted By:

_____
BONNIE BERRY, Plaintiff
2635 Missouri Ct
Green River, WY 82935

5

| EEOC Form 161 (11/2020) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | Exhibit A |
|---|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

To: **Bonnie Berry**
2635 Missouri Court
Green River, WY 82935

From: **Denver Field Office**
950 17th Street
Suite 300
Denver, CO 80202

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32K-2020-00099 | **Philip Gross, Supervisory Investigator** | 720-779-3637 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Carlos Palafox* /for/

**Amy Burkholder,**
**Field Office Director**

August 23, 2021
*(Date Issued)*

Enclosures(s)

cc: **Garry McLean**
**HR Director**
**SWEETWATER COUNTY**

**Franchesca Lata**
**Employers Council**




U.S. District Court Clerk's Office
2120 Capitol Ave., Room 2131
Cheyenne, WY 82001

Bonnie Berry
2635 Missouri Ct
Green River, WY 82935